IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Herrera, | No. CV 06-1447-PHX-SMM (JM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Joseph Arpaio, | |
| Defendants. | |

In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation. For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, dismiss the Complaint [Docket No. 1] with prejudice due to the Plaintiff's failure to prosecute this action.

Plaintiff filed *pro se* the above-titled civil rights action pursuant to 42 U.S.C. § 1983 on June 5, 2006, complaining about the conditions at the Lower Buckeye Jail in Phoenix, Arizona. By Order dated August 7, 2006, the Clerk of Court was ordered to send a service packet to the Plaintiff [Docket No. 3]. Plaintiff was also ordered to file a notice of a change of address as necessary and warned that the failure to do so could result in dismissal. [*Id.*] The service packet was returned and the Defendant executed a waiver of service on October 3, 2006 [Docket No. 5]. On November 17, 2006, Defendant filed a Motion to Dismiss [Docket No. 6].

1  The Magistrate Judge thereafter issued an order directing Plaintiff to respond to the Motion to
2  Dismiss by January 5, 2007 [Docket No. 7].  The order was returned as undeliverable and, as
3  of the date of this order, Plaintiff has not responded to the Motion to Dismiss.
4          In Judge McNamee's order dated August 7, 2006, Plaintiff was warned that the
5  failure to comply with any order issued in this matter may result in the dismissal of the action
6  for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.
7  Moreover, in the order of the Magistrate Judge dated December 4, 2006, Plaintiff was
8  specifically directed to respond to the Motion to Dismiss by March 21, 2006 and warned that
9  his failure to do so may be deemed consent to the granting of the motion.  As the Plaintiff has
10  failed to provide a change of address and has failed to timely to respond to the Motion to
11  Dismiss, he has failed to pursue the prosecution of his case and he is in violation of Judge
12  McNamee and Magistrate Judge Marshall's orders.  As such, dismissal of this action with
13  prejudice is appropriate.  *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 855, 858-59
14  (9th Cir. 2001) (dismissal for failure to prosecute acts as an adjudication on the merits).

15  **Recommendation**

16      Based on the foregoing, the Magistrate Judge **recommends** that the District Court,
17  after its independent review, issue an Order **dismissing** this matter with prejudice.

18      This Recommendation is not an order that is immediately appealable to the Ninth
19  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
20  Appellate Procedure, should not be filed until entry of the District Court's judgment.

21      However, the parties shall have ten (10) days from the date of service of a copy of
22  this recommendation within which to file specific written objections with the District Court.
23  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil
24  Procedure. Thereafter, the parties have ten (10) days within which to file a response to the
25  objections. If any objections are filed, this action should be designated case number: **CV 06-**
26  **1447-PHX-SMM**. Failure to timely file objections to any factual or legal determination of the
27  Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the
28  . . . .

1  issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

2  DATED this 18th day of January, 2007.

Jacqueline Marshall
United States Magistrate Judge